MURRAY M. HELM, JR., SBN 90426
**LAW OFFICES OF**
**MURRAY M. HELM, JR.**
550 WEST "C" STREET, SUITE 1155
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 234-6744
FACSIMILE: (619) 234-6860

Attorneys for Use-Plaintiff Hudson P. Davis, Inc.,
dba Davis Mechanical Systems

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of HUDSON P. DAVIS, INC., dba DAVIS MECHANICAL SYSTEMS, a California corporation,<br><br>Use-Plaintiff,<br><br>v.<br><br>A&D GC, INC., a California corporation; HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation,<br><br>Defendants. | CASE NO: _____<br><br>COMPLAINT ON MILLER ACT PAYMENT BOND (40 U.S.C §3131) AND PROMPT PAYMENT ACT (31 U.S.C. §3901)<br><br>DEMAND FOR JURY TRIAL |

Use-Plaintiff Hudson P. Davis, Inc., dba Davis Mechanical Systems alleges:

GENERAL ALLEGATIONS

1. Jurisdiction of this action is proper in this Court pursuant to the Miller Act, Title 40 of the United States Code ("40 U.S.C."), sections 3131 – 3134, and pursuant to the Prompt Payment Act, Title 31 of the United States Code ("31 U.S.C.), sections 3901-3907.

2. Pursuant to 40 U.S.C., section 3133(b)(3), venue is proper in the Central District of California (this "District") because the contract was performed in this District. Pursuant to 31 U.S.C., sections 3901-3907, venue is proper in

this District because the contract work and payments were performed in this District.

3. Use-plaintiff Hudson P. Davis, Inc. dba Davis Mechanical Systems ("Davis") is, and at all times mentioned was, a California corporation, duly organized and existing under the laws of the State of California to perform the work described below, and doing business and having its principal place of business in the County of San Diego, State of California.

4. Davis is informed and believes defendant A&D GC, Inc. ("A&D") is, and at all times mentioned was, a California corporation, with its principal place of business at 11465 Woodside Avenue, First Floor, Santee, California 92071, and doing business as a construction contractor in this District.

5. Davis is informed and believes defendant Hartford Fire Insurance Company ("Hartford") is, and at all times mentioned was, a Connecticut corporation, duly qualified as a foreign corporation under the laws of the State of California, and authorized to and doing business in the State of California as a surety on Miller Act bonds required by the United States of America and its various agencies, within the jurisdiction of this Court, and doing business as a surety in this District.

6. At all times mentioned each defendant was an agent, principal, representative, alter-ego and/or employee of the others and each was at all times acting within the course and scope of said agency, representation and/or employment, and with the permission of the others.

7. Davis is informed and believes that on or about August 27, 2013, A&D entered into a written contract (the "Contract") with the United States of America, acting by and through the Department of Defense, Naval Facilities Command Southwest, Naval Station San Diego, San Diego County, California (the "Government"), for a certain work of improvement known as Contract No.

2
COMPLAINT ON MILLER ACT PAYMENT BOND

N62473-09-D-1658, Delivery Order No. 0008, D/B Project P900, Triton Maintenance Training Facility, PM5O Renovation, Naval Base Ventura County, Point Mugu, California (the "Project").

8. Davis is informed and believes on or about August 28, 2013, A&D as principal, and Hartford, as surety, executed and delivered to the Government payment bond no. 72BCSGN8313 in accordance with 40 U.S.C. section 3131 (the "Payment Bond"), whereby these defendants bound themselves jointly and severally for the purpose of allowing a joint action or actions against them. The Payment Bond inures to the benefit of persons or entities which provided labor, services, materials or equipment to A&D, or a subcontractor of A&D, in the prosecution of the work provided for in the Contract.

9. On or about October 28, 2014 Davis entered into a written subcontract with A&D pursuant to which Davis agreed to furnish certain labor, services, materials and equipment to the Project, generally consisting of plumbing, mechanical sound, vibration and seismic control, basic mechanical materials and methods, common piping for HVAC, thermal insulation for plumbing and wet side mechanical, facility gas piping, low temperature water heating system, heating boilers and water distribution for the D/B Triton Maintenance Training Facility PM5O Renovation, for the agreed price of $685,000.00, plus changes thereto pursuant to which the monetary amount of the agreed price was increased (the "Subcontract"). A true and correct copy of the Subcontract, exclusive of documents incorporated therein, is attached as Exhibit "1" and incorporated by reference as though set forth in full at this point.

10. Despite timely demand to both A&D and Hartford, Davis has not been paid the Subcontract balance of at least $6,672.73. Further, Davis is owed interest on progress and retention payments A&D failed to pay in a timely manner.

FIRST CLAIM FOR RELIEF
(Breach of Contract - Against A&D)

11. Davis realleges and incorporates by reference paragraphs 1 through 10, above, as though set forth in full at this point.

12. Davis performed all conditions, covenants and promises required on its part to be performed in accordance with the terms and conditions of the Subcontract and changes to same.

13. A&D breached the Subcontract by failing and refusing to fully pay Davis for the work performed, and failing to make timely payment of undisputed progress and retention invoices.

14. As a direct and proximate result of A&D's breach, Davis has incurred damages not yet fully ascertained and subject to proof, but in the sum of at least $6,672.73, together with interest at the maximum legal rate from a date according to proof.

15. Pursuant to the terms of the Subcontract, Davis is entitled to its attorneys' fees.

SECOND CLAIM FOR RELIEF
(Common Count - Reasonable Value - Against A&D)

16. Davis realleges and incorporates by reference paragraphs 1 through 15, above, as though set forth in full at this point.

17. Within the last year, Davis furnished construction labor, services, materials and equipment to A&D at the special request of A&D for the Project, who then and there promised to pay Davis the reasonable value of such labor, services, materials and equipment.

18. The total and reasonable value of the labor, services, materials and equipment furnished by Davis to A&D was, and is, the sum of at least $776,036.25.

19.  Despite demand by Davis, there is now due, owing and unpaid by A&D to Davis the balance of at least $6,672.73, together with interest at the maximum legal rate from a date according to proof.

### THIRD CLAIM FOR RELIEF
(Common Count-Open Book Account – Against A&D)

20.  Davis realleges and incorporates by reference paragraphs 1 through 15, above, as though set forth in full at this point.

21.  Within the last year in the County of Ventura A&D became indebted to Davis on an open book account in the principal sum of at least $776,036.25.

22.  Only part of this sum has been paid, despite demand, and there is now due, owing and unpaid by A&D to Davis the principal sum of at least $6,672.73, together with interest at the maximum legal rate from and after a date according to proof.

23.  Pursuant to California Civil Code, section 1717.5, Davis is entitled to reasonable attorneys' fees incurred in connection with the open book account.

### FOURTH CLAIM FOR RELIEF
(Common Count- Account Stated- Against A&D)

24.  Davis realleges and incorporates by reference paragraphs 1 through 15, above, as though fully set forth in full at this point.

25.  Within the last four years in the County of Ventura, California, an account was stated in writing between Davis and A&D, wherein it was agreed A&D was indebted to Davis in the amount of at least $776,036.25.

26.  Only part of this sum has been paid, and there is now due, owing and unpaid by A&D to Davis the principal sum of at least $6,672.73, together with interest at the maximum legally permissible rate from and after a date according to proof.

### FIFTH CLAIM FOR RELIEF

(Miller Act Payment Bond, 40 U.S.C. 3131-3134 - Against A&D and Hartford)

27. Davis realleges and incorporates by reference paragraphs 1 through 26, above, as though set forth in full at this point.

28. The Payment Bond described in paragraph 8, above, was delivered to the Government and accepted by it, and inures to the benefit of Davis. A true and correct copy of the Payment Bond is attached as Exhibit "2" and incorporated by reference as though set forth in full at this point.

29. Within 90 days of the last date on which Davis furnished labor, services, materials and equipment to the Project Davis gave, or was excused from giving because Davis had a direct contractual relationship with A&D, written notice of its claim pursuant to 40 U.S.C. section 3133(b)(1) – (b)(2).

30. A period of more than 90 days, but less than one year, has elapsed since the last date on which Davis furnished labor and materials to A&D on the Project.

31. A&D and Hartford improperly failed to pay Davis the total amount due for the labor, services, materials and equipment furnished by Davis under the Subcontract, and failed to pay Davis the interest due as a result of A&D's untimely payment of progress and retention invoices submitted to it by Davis.

32. As a direct and proximate result of A&D's and Hartford's failure to pay, Davis has incurred damages in the sum of at least $6,672.73. Pursuant to the Payment Bond described in paragraph 8, above, there is now due and owing, jointly and severally from A&D and Hartford to Davis, the sum of at least $6,672.73, together with interest at the maximum legal rate from a date according to proof.

33. Pursuant to the Payment Bond and the Subcontract, Davis is entitled to attorneys' fees and costs in this action.

/././

### SIXTH CLAIM FOR RELIEF
(Violation of the Prompt Payment Act, 31 U.S.C. §§3901-3907
– Against A&D and Hartford)

34. Davis realleges and incorporates by reference paragraphs 1 through 33, above, as though set forth in full at this point.

35. Davis is informed and believes A&D submitted progress and retention payment requests to the Government which included requests for payment for work performed by Davis, and was paid in full by the Government for such work performed by Davis on the Project.

36. Davis is informed and believes A&D failed to make payment to Davis in the amount of Davis' proportionate share within 7 days of A&D's receipt of each such progress and retention payment from the Government.

37. A&D's failure to pay Davis' proportionate share within 7 days of receipt of each progress and retention payment from the Government is a violation of the Prompt Payment Act, 31 U.S.C. sections 3901-3907, and entitles Davis to an award of interest on each such payment from the time each such payment should have been made until actually paid.

38. Davis is informed and believes A&D failed to furnish Davis and the Government written notice of any withholding of funds from Davis, as required by 31 U.S.C. section 3905(g).

39. Pursuant to the terms of the Payment Bond provided by Hartford, and described in paragraph 8, above, Hartford is liable to Davis for the sanctions described in paragraphs 37 and 38, above, to the same extent as A&D.

### SEVENTH CLAIM FOR RELIEF
(Violation of California Business and Professions
Code § 7108.5 – Against A&D and Hartford)

40. Davis realleges and incorporates by reference paragraphs 1 through 33, above, as though set forth in full at this point.

/././

41. Davis is informed and believes A&D submitted progress and retention payment requests to the Government which included requests for payment for work performed by Davis, and was paid in full by the Government for such work performed by Davis on the Project.

42. Davis is informed and believes A&D failed to make payment to Davis in the amount of Davis' proportionate share within 7 days of A&D's receipt of each such progress and retention payment from the Government.

43. A&D's failure to pay Davis's proportionate share within 10 days of receipt of each progress and retention payment from the Government is a violation of California Business and Professions Code, section 7108.5, and entitles Davis to an award of two percent interest per month on each such payment from the time each such payment should have been made until actually paid.

44. Pursuant to California Business and Professions Code, section 7108.5, Davis is entitled to an award of attorneys' fees and costs incurred to collect the balance of progress and retention payments due.

45. Pursuant to the terms of the Payment Bond provided by Hartford, and described in paragraph 8, above, Hartford is liable to Davis for the sanctions described in paragraphs 43 and 44, above, to the same extent as A&D.

/././
/././
/././
/././
/././
/././
/././

WHEREFORE, Davis prays judgment against defendants, as follows:

<u>ON THE FIRST, THIRD, FOURTH, FIFTH AND SEVENTH CLAIMS FOR RELIEF:</u>

1. For reasonable attorneys' fees to be fixed by the Court upon post-judgment motion.

<u>ON ALL CLAIMS FOR RELIEF:</u>

1. For the principal sum of at least $6,672.73;
2. For consequential damages;
3. For costs of suit;
4. For interest at the maximum legal rate from a date according to proof; and
5. For such other relief as the Court deems just.

DATED: September 27, 2018

Respectfully submitted,

LAW OFFICES OF
MURRAY M. HELM, JR.

By: /s Murray M. Helm, Jr.
MURRAY M. HELM, JR.
Attorneys for Use-Plaintiff Hudson P. Davis, Inc. dba Davis Mechanical Systems

## DEMAND FOR JURY TRIAL

Davis demands a trial by jury.

DATED: September 27, 2018

Respectfully submitted,

LAW OFFICES OF
MURRAY M. HELM, JR.

*/s Murray M. Helm, Jr.*
MURRAY M. HELM, JR.
Attorneys for Use-Plaintiff Hudson P. Davis, Inc., dba Davis Mechanical Systems

## TABLE OF CONTENTS

| | | |
|---|---|---|
| Exhibit "1" | Subcontract | Pgs. 1-34 |
| Exhibit "2" | Payment Bond | Pgs. 35-38 |

146-027/PL001